IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH JAMES DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-876-NJR-DGW |
| | ) | |
| RICHARD HARRINGTON and KEVIN B. PAGE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff on June 4, 2015 (Doc. 33), the Motion for Leave to File Amended Complaint filed by Plaintiff on June 4, 2015 (Doc. 34), and the Motion to Compel filed by Plaintiff on August 11, 2105 (Doc. 43). All motions are **DENIED**.

*Motion for Recruitment of Counsel*

On March 24, 2015 (Doc. 24), this Court denied without prejudice Plain tiff's first motion for recruitment of counsel because, notwithstanding Plaintiff's blindness in one eye, he appeared capable of litigating this matter. Plaintiff now seeks recruitment of counsel because he believes that the law library at Stateville Correctional Center does not have necessary legal materials including the United States Supreme Court Reporter. In particular, Plaintiff states that he has been unable to conduct legal research because the law library does not have the books containing various cases, including *Wolff v. McDonnell*, 418 U.S. 539, (1974) and does not have copies of the F.2d Reporters (containing opinions from the United States Courts of Appeal). Plaintiff has also previously indicated that he has had inadequate time to conduct research in the

library.

As noted in this Court's previous Order, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Plaintiff represents that he does not have access to certain case authority cited by the District Court. However, in his motion for reconsideration (Doc. 25, filed on April 3, 2015) and his proposed Second Amended Complaint, Plaintiff cites to *Wolff* and various other Supreme Court and Court of Appeals cases to support his claim. Thus, the Court finds suspect his representation that he does not have access to case reporters. While the Court is not familiar with the law library at Stateville Correctional Center, the Court has had an opportunity to review Plaintiff's pleadings and filings. Plaintiff appears competent to try this matter without counsel. To the extent that Plaintiff requires additional time to conduct legal research or acquire material not available at the prison law library, he may seek reasonable extensions of time. This motion is accordingly **DENIED**.

*Motion to Amend*

In his motion, Plaintiff seeks to stay this matter pending appointment of counsel and reconsideration of the merits review Order issued on February 25, 2015 (Doc. 17). The proposed amended "pleading" submitted by Plaintiff merely contains arguments made in a motion to reconsider filed on April 3, 2015 (Doc. 25). The proposed "pleading," besides containing a caption, does not comply with Federal Rule of Civil Procedure 8 – there is no statement of jurisdiction and no "short and plain statement of the claim showing that the pleader is entitled to relief. Rather, Plaintiff includes extraneous arguments and statements that are unrelated to any claim for relief. This motion is accordingly **DENIED**.

*Motion to Compel*

Plaintiff states that he has discovered that a number of documents are "fraudulent and being contested" and that Defendants are refusing to identify John and Jane Doe Defendants. It is unclear from the Motion what discovery requests or responses Plaintiff is referring to or whether he is making general observations about documents he has received as initial disclosures. If Plaintiff has served a discovery request (interrogatories or requests to produce) and responses to those requests are not consistent with the Federal Rules, he may file a motion to compel provided he also attach a copy of the discovery requests and responses. Plaintiff is further informed that there is no Jane or John Doe Defendant in this matter for which discovery is owed. Again, any future Motion to Compel must include a copy of the discovery request and the response. This Motion is accordingly **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 18, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**